GELLER, Guardian ad Litem for Sidney Lust, ET AL. *v.* LUST, ET AL., Trustees

[No. 240, September Term, 1969.]

*Decided March 6, 1970.*

The cause was argued before HAMMOND, C. J., and McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*J. Paul Schmidt,* with whom were *David R. Cohan* and *Weinberg & Green* on the brief, for appellants.

*Stanley B. Frosh* for Lorraine Lust, guardian *ad litem* for Bradley Lust, part of appellees; and by *Jo V. Morgan, Jr.* for Celia C. Lust, Philip Lustine and Suburban Trust Company, Trustees, other appellees.

HAMMOND, C. J., delivered the opinion of the Court.

Sidney B. Lust, an entrepreneur and real estate investor who lived in Washington, acquired and kept not only a good reputation as a citizen and civic leader but a considerable bundle of this world's goods. He died in 1955 survived by his wife, an unmarried adopted daughter, an adopted son, Bernard, and four grandchildren who were the children of Bernard and his then wife Lila. After Sidney's death, Bernard and Lila were divorced and Bernard married Lorraine. This marriage produced a fifth child, Bradley. By Item tenth of his will, after making minor bequests, Sidney left half his estate to his wife in a marital trust and provided that if she did not

exercise her power of testamentary appointment therein granted, the trust, at a stated time, should vest in designated issue of Bernard, per stirpes. An identical provision was made in Item eleventh of the will conditioned on his wife predeceasing the testator. Item twelfth of the will provided that whether his wife survived or predeceased him he gave his residuary estate to trustees on the following trusts (using the same language as that in Items tenth and eleventh) :

> "(1) To accumulate the income from the corpus of said trust until such time that any one of the issue of my son, Bernard S. Lust, in being at the time of my death, shall attain the age of twenty-one (21) years, at which time the corpus of the trust shall vest in the then living issue of the said Bernard S. Lust, in equal shares per stirpes; and
>
> "(2) Thereafter, to pay, apply or distribute all the income of such trust to the said issue of my son, Bernard S. Lust, in equal shares per stirpes; and
>
> "(3) Upon any one of said issue attaining the age of thirty-five (35) years or upon the death of all of said issue in being at the time of my death, whichever shall first occur, to pay over the corpus of the trust, free of said trust, to those in whom the corpus of the trust has vested under Sub-section (1) of this Article."

Sidney Lust, the oldest child of Bernard, became twenty-one on December 6, 1967. The trustees petitioned the Circuit Court for Prince George's County to instruct them as to the true meaning of Item twelfth of the will seeking to find whether only Lila's four children took or whether Bradley shared in the estate. Lila, on behalf of her four children on the one hand, and Lorraine and Bernard, on behalf of Bradley on the other, vigorously took up the testimonial cudgels, neither side objecting to the testimony of the other.

Lila's claim summarized was that the testator thought Bernard was a playboy and a spendthrift and intended his hard earned estate to go only to the four grandchildren he knew and loved and not to other children he foresaw that Bernard would have upon remarriage, probably to a burlesque queen (the testator and Bernard had been partners in the operation of moving picture theatres, some of which Bernard had converted to live burlesque houses). Bernard testified that what his father wanted was to guard against the possibility that Bernard would marry a second or a higher numbered wife who had children and then adopt the children, so that they would inherit the testator's money as Bernard's children.

The chancellor said the will was not free from ambiguity, but then proceeded to find the testator's intention from "the four corners of the will" and by deciding "not merely what [the testator] meant, but what his words mean." He held that under the language of Item twelfth there was a gift to a class, that the class was determined and the interests of its members vested when the first of Bernard's four children living at the testator's death to do so became twenty-one, and that at that point the issue of Bernard then living, whether in being at the testator's death or not, would take.

We think the chancellor read the will accurately. We see no latent ambiguity in the words of Item twelfth and no need therefore to look to testimony as to intent. It is clear and conceded that the testator by Item twelfth made a gift to a number of persons uncertain in number at the time of the gift, to be ascertained at a future date, which is a class gift. *Evans v. Safe Deposit & Trust Co.,* 190 Md. 332, 338-340.

A testator may specify the time when the members of a class are to be determined and if he does so with reasonable certainty, his intention will be carried out. *Boynton v. Barton,* 192 Md. 582, 591; *Newlin v. Mercantile Trust Co.,* 161 Md. 622; *Baker v. Baylies,* 231 Md. 287. The testator here specified the time that any one of the issue of Bernard in being at the testator's death became

twenty-one as the time the estates he gave should vest in the respective members of the class. The words "in being at the time of my death" designate the method of measurement and were neither intended to be or are part of effective donative language. Once the moment of vesting is determined under the specified mechanics of measurement, the donative language is "at which time [the moment for vesting]" those who take are "the then living issue" of Bernard. We think the word then can reasonably be read only as referring to "at which time" and that consequently the members of the class who take are those of the issue of Bernard living at the critical date. The word then was read to have a similar effect in *Newlin v. Mercantile Trust Co., supra.* Compare *Boynton v. Barton* (pp. 590-591 of 192 Md.) and *Baker v. Baylies* (p. 294 of 231 Md.), both *supra; Brannan v. Ely,* 157 Md. 100, 105-106.

The decree appealed from must be affirmed.

*Decree affirmed, with costs.*